UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PNC EQUIPMENT FINANCE, LLC, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs.* | ) | 1:13-cv-1872-JMS-DML |
| | ) | |
| FIRST METAL & PLASTICS TECHNOLOGIES, INC., | ) ) | |
|     *Defendant.* | ) | |

## ORDER TO FILE AMENDED COMPLAINT

On November 25, 2013, Plaintiff PNC Equipment Finance, LLC ("PNC") filed a Complaint against Defendant First Metal & Plastics Technologies, Inc. ("First Metal"), alleging that this Court could exercise diversity jurisdiction over this action. [Dkt. 1 at 1-2.] For the following reasons, the Court cannot confirm that it can exercise diversity jurisdiction at this time.

First, PNC alleges that it is a Delaware limited liability company and that its sole member is "PNC Bank, NA with its principle offices located in Wilmington, Delaware." [*Id.* at 1 ¶ 1.] The citizenship of an unincorporated association is "the citizenship of all the limited partners, as well as of the general partner." *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003). "[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Id.* at 543. While PNC alleges that PNC Bank, NA is its sole member, it does not properly allege the citizenship of that entity because the United States Supreme Court has held that a national banking association is deemed to be a citizen of "the State designated in its articles of association as its main office." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) (interpreting 28 U.S.C. § 1348). Thus, PNC's jurisdictional allegations regarding its own citizenship are deficient.

Second, PNC alleges that "[u]pon information and belief, [First Metal] is an Indiana corporation with a last known address of …." [Dkt. 1 at 1 ¶ 2.] Jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value" and a statement made "'to the best of my knowledge and belief' is insufficient" to engage diversity jurisdiction "because it says nothing about citizenship"). Additionally, a corporation is deemed a citizen of any state where it is incorporated *and* a citizen of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006) (a corporation has two places of citizenship: where it is incorporated and where it has its principal place of business). In addition to the impropriety of pleading allegations "upon information and belief," PNC's allegation regarding First Metal's "last known address" is insufficient to plead that corporation's principal place of business.

For these reasons, the Court **ORDERS** PNC to file a First Amended Complaint by **December 16, 2013**, properly detailing a basis for this Court's jurisdiction. First Metal need not respond to PNC's initial complaint, [dkt. 1], and, unless otherwise directed by the Court, should respond to the forthcoming First Amended Complaint as set forth in the Federal Rules of Civil Procedure after it is served with that pleading.

12/03/2013

*[signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only**:

Michael J. Menninger

WOOD & LAMPING, LLP
mjmenninger@woodlamping.com